UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORENZO GUZMAN,

      Petitioner,

v.                                                    Case No.:  2:26-cv-01238-SPC-DNF

MARKWAYNE MULLIN *et al.*,

      Respondents,

_____/

## <u>OPINION AND ORDER</u>

Before the Court are Lorenzo Guzman's Petition for Writ of Habeas Corpus (Doc. 2), the government's response (Doc. 8), and Guzman's reply (Doc. 9).

Guzman is a native and citizen of Mexico who entered the United States without inspection on July 1, 1999.  He has resided in the United States since then, and he has a U.S. citizen wife and two young U.S. citizen children. Guzman's wife filed an I-130 petition on his behalf, and it remains pending. Immigration and Customs Enforcement ("ICE") apprehended Guzman on February 10, 2026, when he reported to a state probation office for a check-in relating to an arrest for driving under the influence.  ICE issued a notice to appear that same day, commencing a removal proceeding and charging Guzman as "an alien present in the United States who has not been admitted

or paroled." (Doc. 2-8 at 1). He is currently detained at Glades County Detention Center.

On March 18, 2026, an immigration judge conducted a custody redetermination hearing. The judge denied release on bond for two reasons. First, he found Guzman did not meet "his burden of establishing that he is NOT a public safety risk based on his criminal history." (Doc. 2-3 at 1). Second, the judge found he lacked jurisdiction to review the Department of Homeland Security's initial bond determination because Guzman is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Guzman claims the respondents violated the Immigration and Nationality Act and the Fifth Amendment by detaining him under § 1225(b)(2) rather than § 1226(a). The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Guzman asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing. In response, the government argues Guzman is detained under § 1226(a) and received the bond hearing to which he is entitled.

The scope of § 1225(b)(2) has become well-trodden ground. Last year, the government began applying it to all noncitizens present in the country after entering without inspection and admission. While the four circuits to address the issue are split, the vast majority of district courts to consider it have

2

rejected the government's position. *See Cunha v. Freden*, --- F.4th ---, ---, 2026 WL 1146044, at *4 (2nd Cir. 2026). This Court agrees with the majority—over the last seven months or so, the Court has ordered the government to give hundreds of noncitizens unlawfully detained under § 1225(b)(2) an opportunity to seek release on bond.

This case is unusual because of the immigration judge's opinion, which both denied the bond request on the merits and found a lack of jurisdiction to consider it. One contradiction is obvious. A court must have the power to decide the claim before it (subject-matter jurisdiction)…before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Another contradiction is more subtle. The immigration judge's order concludes, "Because the law requires the detention of all applicants for admission, this Court does not have jurisdiction to review the Respondent's bond determination made by DHS." (Doc. 2-3 at 3). Under the government's current view, applicants for admission detained under § 1225(b)(2) are subject to mandatory detention and cannot be release on bond. So if DHS made a bond determination in Guzman's case, that would indicate it was detaining him under the authority granted by § 1226(a), not § 1225(b)(2).[1]

---

[1] The record before the Court does not indicate whether DHS made an initial bond determination here.

But the fact remains, the immigration judge weighed the evidence and found that Guzman should not be released on bond.  This Court does not have authority to review an immigration judge's discretionary bond decision.  *See* § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond.").  Guzman was afforded a bond hearing and had the opportunity to present evidence and argument to an immigration judge.  While Guzman has legitimate concerns about the order denying his bond request, the Board of Immigration Appeals is the proper venue to raise those concerns, not this Court.

Accordingly, it is hereby **ORDERED**:

Lorenzo Guzman's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4